## SUPREME COURT.

### Davïd Terry agt. Robert G. Bonesteel, Samuel M. Cheesman and James Van Etten.

Where the *evidence* at the circuit on questions of *fact,* necessary to sustain the plaintiff's cause of action, *is equivocal,* and the judge, without being requested by the plaintiff to submit the cause to the jury, orders a *nonsuit,* to which the plaintiff takes an *exception,* the *general term* on appeal cannot review the decision upon the questions of fact, as no exceptions have been taken to such decision; consequently the *nonsuit,* being the application of the law *to proved or ascertained facts,* cannot be disturbed.

*Albany General Term, December,* 1862.

Hogeboom, Peckham and Miller, *Justices.*

Motion for a new trial on part of plaintiff, on exceptions ordered to be heard in the first instance at the general term, in an action tried at the Ulster circuit in January, 1862.

This action was brought to recover $230 and interest, being the balance claimed to be due for one year's rent of premises situate at Kingston Point, in the town of Kingston, Ulster county.

In the fall of 1858, the defendant R. G. Bonesteel, with one of the other defendants, called upon the plaintiff and wanted a lease from him with the privilege of buying his Kingston Point property, a dock lot and a barn lot. They agreed upon the terms—lease to be for five years—$300 a year rent, payable quarterly, with privilege of buying for $5,000. If not bought within five years, rent to be the same for five years more, and lessees to have the privilege of buying within the second five years at $6,000.

Within a few days they met at the office of George H. Sharp, Esq., in Kingston; stated to him the contract, of which he made a memorandum, and employed him to draw a lease in conformity thereto; and the lease was directed to be drawn in the name of the three defendants as lessees. The defendants, being in a hurry to get off to New York,

left it with Mr. Sharp to draw the lease, and the parties were to meet at some time afterwards to sign it. Before leaving, the defendants gave the plaintiff a check, intended for one quarter's rent. The figures in the check were $75, but the writing was only seventy dollars, and therefore only seventy dollars was collected upon it. The lease was drawn by Mr. Sharp, but never executed by the parties, and the contract was never completed.

At the time of the agreement, Newcomb S. Cooper was living upon the property, under Mr. Terry. His possession was spoken of by plaintiff to defendants in Mr. Sharp's office. The defendant Bonesteel replied : " Let him remain there, probably we will want him there." At another time, in a conversation at the brick yard between the plaintiff and Bonesteel, Bonesteel told the plaintiff that he need not get the tenant out, for they might want him for some use for keeping boarders.

On the 22d of April, 1859, Bonesteel sent a letter to Mr. Cooper, the tenant, giving him instructions about leaving, and stating that they would consider the property as theirs after the first day of May (then) next.

The defendants had the property surveyed and measured out by themselves and their surveyors, and made proposition to a man to build a dock on it and grade it.

In the fall of 1859, Bonesteel called upon the plaintiff to see the deeds, and in reference to the size of the lots. They talked of using one-half the street in connection with the property ; apologized for not having paid the rent past due, and promised to pay in a few days—either pay the money or send a check.

The defendants moved for a nonsuit on grounds specified in the case, which was granted by the justice, and the plaintiff excepted.

M. Schoonmaker, *for plaintiff, appellant.*

T. R. Westbrook, *for defendants, respondents.*

By the court, Hogeboom, Justice. To entitle the plaintiff to recover, he was bound to show a hiring of the premises or an actual occupancy. He gave evidence tending, as he claimed, to show both of these facts. The evidence of occupany is slight and inconclusive, tending quite as much to show an intended or expected, as an actual occupancy of the premises. And so of the hiring or renting of the premises. A certain sum was paid, intended as rent. But it is at least quite as probable that it was designed as a quarter's rent upon the five years' lease, expected to be executed, as that it was a quarter's rent upon a year's hiring of the premises. Conceding that the payment of a quarter's rent would, unexplained, import an agreement to rent the premises for a year, such is not the necessary and inevitable, and, I think, not the reasonable inference, when we are informed by the evidence that the parties had been treating for a five years' lease, at an annual rate payable quarterly, which would correspond with the sum paid. If intended to be applied upon the latter lease, no more became due, as the lease or contract was never completed. Taking, then, the view of the case most favorable to the plaintiff, it was equivocal whether the money was paid upon a year's hiring or upon an anticipated five years' lease. Both questions, the question of actual hiring and of actual occupancy, were questions of *fact*, upon which the judge or the jury, passing upon the same, might, without violence to the evidence, have come to a conclusion unfavorable to the plaintiff. The plaintiff might, perhaps, have properly asked to have those questions submitted to a jury, but he did not, and it was not therefore error in the court to omit submitting them to the jury. (*Bidwell* agt. *Lament*, 17 *How.*, 357.) The judge was necessarily, therefore, obliged to decide them himself; and he probably decided them adversely to the plaintiff. His decision on such question of fact has not been excepted to, nor sought to

be reviewed. We have only his decision on the motion for a nonsuit, which, so far as the questions of law are concerned, is the application of the law to proved or ascertained facts. (*See case, before cited.*) If such facts were adverse to the plaintiff on the points above referred to, his decision on the question of law thence arising was unquestionably correct, and the exception therefore must fail.

The motion for a new trial on exceptions must be denied, and there must be judgment for the defendants.